Case number 23-5088 David J. Rudometkin, appellant versus Christine E. Wormuth in her capacity as the Secretary of the Army. Mr. Treiger, amicus curiae for the appellant. Mr. Walker for the appellate. Thank you, Judge Rao. May it please the court. Alex Treiger, as court appointed amicus for Mr. Rudometkin, I reserve two minutes for rebuttal. The question here is whether the district court lacked jurisdiction over Mr. Rudometkin's APA claims because they trigger the Tucker Act. This court's decisions in Kidwell, Toutle, and Smalls supply the answer. No, because Mr. Rudometkin's complaint did not ask for money, but instead sought only meaningful, equitable relief. And if there were any question whether Mr. Rudometkin sought money, the district court should have given him a chance to cure that jurisdictional defect. Because the district court didn't, this court should reverse. On our first point, Kidwell, Toutle, and Smalls established a bright line rule for determining whether a service member's APA claims trigger the Tucker Act. This court looks at whether the complaint explicitly or in essence seeks more than $10,000 from the government. And this court has explained that a complaint does not in essence seek money when it requests only meaningful, equitable relief. Applying? Mr. Treiger, assume I agree with you that Mr. Rudometkin's claim is not one for money damages. And so there is jurisdiction over the APA claim. But Mr. Rudometkin would still need to get past the motion to dismiss. And so there is a question about whether he can meet the standards of APA section 704. And in particular, the question about whether there's another adequate remedy. So if we get to that point, is that a question the court should resolve? Or do we need to remand that to the district court? It's not a question the court should resolve, Judge Rao. And the reason is because the secretary has forfeited that argument. So that's our frontline position. And then I'll turn to why I think that there is no adequate remedy in the claims court. So our position principally is that this court should not consider the secretary's arguments under 704 because the secretary forfeited them. That argument is not jurisdictional. The secretary did not raise it below in moving to dismiss. And the secretary before this court has identified no exceptional circumstances to excuse that forfeiture. And I'm not aware of any case from this court, and you can maybe ask the secretary to identify one, in which this court has considered non-jurisdictional APA defenses that an agency forfeited and where there was no showing of exceptional circumstances. And I would submit that this case should not be the first. But putting forfeiture aside and sort of getting to the merits of the question, I don't think, Judge Rao, that the claims court can provide Mr. Rudemankin adequate equitable relief. And that's for the reasons that the Fourth Circuit explained in Randall, which is that under the Tucker Act, the claims court can only provide equitable relief when it is an incident to or collateral of an award for damages. And that's not the case here. And the reason that any equitable relief in the claims court would not be incidental to his claim for back pay is that Mr. Rudemankin currently doesn't have a viable claim for back pay, because according to the Army, he's still in active service. And so a claim for back pay is only going to spring to life if the claims court first agrees with him on the merits and grants him the equitable relief that he's asked for in that court, which is similar to here, which is a recognition that the rescission order was unlawful, that he was discharged, and some sort of order requiring the secretary to recognize that. And so really, it's the equitable relief that's driving his claims court action, not his request for back pay. And so... What do we do with his request that he also be released from incarceration? How does that factor into this analysis? I don't think it does, Judge Pan. I think it's a request that he's made that the district court didn't take seriously, and I don't think, frankly, the district court could grant. And the reason is, and this is the one thing I think the district court got right in its decision below, is that this is not a collateral attack on Mr. Rudemankin's court-martial. Mr. Rudemankin is not challenging here or in the claims court, either the Army's jurisdiction to refer charges against him or the court-martial or his sentence. We should just ignore that part of his complaint? Not ignore it, Judge Pan. But what I would say is, first, it's indisputably equitable relief that he's seeking. It's not a request for money. So that doesn't trigger the Tucker Act. And so it doesn't factor into sort of the jurisdictional analysis. What I do think, though, is it's a request for relief that the district court doesn't need to and indeed couldn't grant. And just to sort of button that up, what is really challenging is the rescission of his separation order in January 2016, two years before the court-martial. And I think it would be really odd to read the complaint as some sort of disguised habeas, particularly because Congress made clear in the APA, in Section 701B, that courts don't have jurisdiction under the APA to review court-martials. So to your, that sort of relief in some part, I think it's D of the prayer for relief. The court couldn't grant that. Mr. Trager, the government also suggests that Mr. Rueda-Benken failed to exhaust his remedies before the Army. And I'm wondering, is that claim properly before us? And if there is, is there any basis for this court to impose an exhaustion requirement? So I'll take the two parts of that question in turn. On the first part, whether it's before the court, Judge Rout, the answer is no. And that's because the Secretary has doubly forfeited that argument. They didn't raise it below. And again, it's not jurisdictional. There's no exceptional circumstances to excuse that forfeiture. And then the Army, or excuse me, the Secretary has not presented that argument properly before this court by relegating it to a cursory footnote in their answering brief. And I would point you to the Markham decision from this court, which I think is on all fours here. There, this court said that the final agency action defense was forfeited where the petitioner filed suit, subsequently went back before the agency. And the agency just never informed the district court of the pending agency proceedings. And this court said, you had a fairly good defense under 704, but you've relinquished it by not presenting it. So I don't think the court should reach it. As to your second question, sort of putting forfeiture aside, what to do about it? I think if the court harbors concerns there, the court should remand because I don't think that the full record of the Army, of the proceedings before the Army Board of Record Correction is before this court. And it would be really hard, I think, to determine exactly what relief Mr. Rudemankin has requested before the board, what the board's reasoning was. And so that brings me, I think, to my second point. Also, is there an exhaustion requirement in this context? I'm sorry, the answer to that is no. Under Darby, the Supreme Court has made clear that an exhaustion requirement has to be found either in a statute or in the agency's regulations. And here, there's neither. And I would point you to the Austro decision from this court, which I acknowledge is unpublished, but is on all fours, relying on Darby and explaining that there's no exhaustion requirement here. So we should be suspicious of judge-made exhaustion doctrines. But I wonder if the military is possibly an exception to that because of the respect for the executive branch in this context. I don't think so. Is there any basis for that? No, Judge Routt. And again, I think this court has rejected that argument in Austraut. I think a number of district courts, which we point out in our reply brief, have similarly rejected this argument. The rescission order is a final agency action, and therefore, Mr. Rudemankin was free to challenge it without exhausting before the board. I do want to make sure I briefly address, though, my second point, which is that if there were any question whether Mr. Rudemankin sought money, the district court should have given him a chance to cure that jurisdictional defect. As this court explained in Goebel, when the Tucker Act is at play, the decision to remain in the district court is the plaintiff's choice. Mr. Rudemankin wasn't given that choice, and the district court's finding that amendment would have been futile was wrong. We know that Mr. Rudemankin would have relinquished the right to recover more than $10,000 from the government because he said that repeatedly in his submissions before the district court, and he's now said the same thing in his filings to this court. So it wasn't futile to cure the jurisdictional defect here. All Mr. Rudemankin had to do, if there was any question, was file an amended complaint that just expressly relinquished the right to recover against the secretary, and he's more than willing to do that. If you're correct, though, or if the complaint, as it is, is not a money complaint, why would we need to address the denial of the motion to amend? You would not, Judge Ginsburg. In that scenario, if you agree with us that there's jurisdiction, you should just reverse with directions for the case to proceed forward. Thank you. Thank you. Good morning, Your Honors. Johnny Walker for the Secretary of the Army. Your Honors, over the course of two weeks, Mr. Rudemankin filed two duplicate claims, one in the district court here and one of the United States Court of Federal Claims. Both of those cases challenge an order rescinding his retirement, and they both seek money connected to that rescission. The only difference is that Mr. Rudemankin does it explicitly in the Court of Federal Claims by mentioning back pay and does it only essentially in the district court here by asking to be put in the same position had he retired in 2016. That necessarily would entail payment of back pay connected to the retirement as part of that make whole relief. Are there any cases in which we consider whether a claim is in essence for damages? I mean, it seems like under Kidwell and Teutel, that's not permitted. We just have to look at the complaint and, you know, our cases have sort of have suggested that there's a bright line rule. Well, what Kidwell says is there is a bright line rule to look at the complaint only, but what Kidwell says is that the court has to be careful of plaintiffs who are disguising what essentially money claims as equitable claims and therefore trying to form shop in the district court rather than to go to the Court of Federal Claims. And there's no clearer case of form shopping, I believe, than what Mr. Rudemankin is doing here. He has duplicate claims pending in both the Court of Federal Claims and the district court. So under Kidwell, the court should look to the substance, the word that Kidwell uses, look to the substance and not only the form of the complaint to determine whether it essentially seeks money. And here it does, not only in the form of asking to be put in the same position had Mr. Rudemankin retired in 2016, but there are also other structural aspects of this claim that make it appear as a Tucker Act claim and not an APA claim. The big one is that Mr. Rudemankin has obtained a final agency action from the Army by exhausting his claims through the Board for the Correction of Military Records. And in an APA case, it is that decision by the Board and the record associated with that decision that is the final agency action under review. But Mr. Rudemankin here targets the underlying order that was issued in 2016, and that gives it the appearance of a Tucker Act claim. I think this is explained well in the Hansen case from the Tenth Circuit that we cite that is not directly on point in terms of its holding, but provides a useful discussion of the difference between an APA claim and a Tucker Act claim. It's also apparent, I think, in the Martinez case that we cite in the Tucker Act claim accrues at the time of the original order and challenges that order, whereas an APA claim accrues at the time of the Board's decision. So because Rudemankin's claim here both challenges the underlying order and seeks make-whole relief, including damages in its request to be put in the same position, it is a Tucker Act claim in essence and in substance and should be brought in the Court of Federal Claims. Separate and apart from the jurisdictional Tucker aspects, there is also the argument that even if the Court does have jurisdiction and this is not a money claim, it is subject to dismissal under the APA because Mr. Rudemankin has another adequate remedy in the Court of Federal Claims. I first want to get over this... Yeah, let's talk about forfeiture. Sure. I don't think there's an appropriate case for forfeiture. I mean, this Court has held that a fully briefed issue on a core legal, a fully briefed issue on a core legal tenant is subject to appellate review. Here, this was not part of the government's motion to dismiss in court. The court had its own sua sponte reasons for dismissing the claim, but other adequate remedy was one of the reasons that the district court gave for the dismissal. It was raised by amicus in the opening brief and argued by amicus in the opening brief. So I don't think it's... that amicus can argue that they are permitted to make that argument, but then we are blocked by forfeiture from responding to that argument and offering an argument on that issue of our own. And it's not just confined... Oh, that's on another point. So I don't think this is an appropriate case for forfeiture. It's fully briefed. It was part of the district court's decision, and it's an important issue. And I think it's a relatively straightforward issue because you don't see many cases where the question of other adequate remedy is as easy as it is here, because you both have a theoretical other adequate remedy in the fact that we know the Court of Claims has held that the Army's retirement statutes are money-mandating statutes that can give rise to a Tucker Act claim in the Court of Federal Claims. And the Tucker Act itself specifically in the statutory text says that the Court of Federal Claims can grant placement and appropriate retirement status in connection with the Tucker Act claim in the Court of Federal Claims. So not only is there a adequate remedy very clearly in theory, but here we also have adequate remedy playing out in practice. Mr. Rudamechan has in fact brought precisely that claim in the Court of Federal Claims. The government moved to dismiss, but purely on ripeness grounds. And in that motion to dismiss, acknowledged that Mr. Rudamechan can challenge the rescission of his retirement as ultra viris in that court. The Court of Federal Claims ended up granting the motion to dismiss on ripeness, but that was overturned by the Federal Circuit. So Mr. Rudamechan's name is out pending, but stayed in the Court of Federal Claims. So not only does he have... The simplest way to resolve this case is to say, well, the district court did err because it believed that this adequate remedy aspect was a jurisdictional issue as opposed to going to whether it's, he stated a claim under the APA. So that's wrong. And so we reverse and remand and let the district court sort through the rest of this. I don't, I don't think there's any reason to believe that the district court would reach a different issue, whether jurisdictional or non-jurisdictional. It is still a basis to dismiss the complaint where there's another adequate remedy in another court. Except that you didn't argue it that way. Again, we didn't argue it that way, but it was part of the district court's opinion. It was argued by amicus in the opening brief. We responded to it in our brief. It's a fully briefed issue that the court has before it. And we think it's a basis to affirm given that the district court would reach the same decision on a 12B6 posture. What about exhaustion? I mean, the government here suggests that Mr. Rudamechan didn't exhaust his, didn't exhaust his claims. Is that properly before us? I'm glad you brought that up, Your Honor. I first want to clarify the nature of the government's argument. Our argument is not that Mr. Rudamechan had to exhaust. That's frankly a difficult question. How this circuit's decision in Boies plays out post Darby. Boies, of course, was based on unique considerations relative to the military. It recognized a well-recognized and well-documented and well-established principle that courts generally defer from interfering in direct orders from a commander to a member of the military and instead wait for the intra-service remedies to play out. Darby dealt with a civilian final agency action. So there's a difficult question there. It hasn't been briefed in this court. And our argument is not that Mr. Rudamechan had to exhaust and that he failed to exhaust. Our argument is precisely the opposite, that he did exhaust. But by doing so, he obtained a final agency action in the form of a decision from the board for the correction of military records. And it was only that final decision from the board that is subject to APA review. I also just had, are there any justiciability concerns about this court deciding the APA claim before the military courts have finished with their process? I know that's not something the government has briefed here either, but there are some concerns about that that have been expressed in other cases. I think that is true. I think that those concerns are expressed in Boies and in the Mindy's case from the Fifth Circuit that it relies on. And I don't think there's anything about Darby or anything from this court post Darby that I know of that directly addresses those concerns and reconciles them with Darby. Again, though, that's not the nature of our argument. Our argument is that Mr. Rudamechan did exhaust his administrative remedies, whether required to or not. The fact is that he did. He did it while the suit was pending to go to the forfeiture point. By the time the government... Not about exhaustion. I mean, the fact that the process is still, his appeals are still pending in the military courts, aren't they? Yes, they are still pending in the military courts. And that's sort of a separate issue. He's not directly... I think he has exhausted through interest service remedies through the board his request for a retroactive retirement. My question was about the courts. Yes, and I think that does raise a concern, Your Honor, because he has raised this before the court-martial. I don't know that there's an exhaustion requirement that he do so before the court-martial, but if this case were to go forward in the district court, we think it would be prudent to do precisely what the federal circuit ordered the court of federal claims to do, which is to stay the case pending the outcome of the court-martial proceedings. I just wanted to address the issue of exhaustion with respect to finality really quickly that my friend brought up. This is not something that we can find... Or not exhaustion, but final agency action is properly characterized. Our final agency action argument was not something that we can find to a footnote. We discussed it at some length on pages 35 to 38 of our brief, and we believe it is well preserved. And again, the reason that it was not raised by the government in its motion to dismiss is that the board decision here did not issue until after the government moved to dismiss, and it was only sort of in Mr. Rudamechan's reconsideration papers in the district court that he began attempting to reframe his claims as a challenge to that final agency action in the form of the board's final decisions. Now, importantly, Mr. Rudamechan can still bring that claim. Those statute of limitations would run from that time, and the district court's dismissal here was without prejudice. So to the extent that he can overcome other hurdles, he could bring those claims, notwithstanding the statute of limitations and the final agency action requirement. Thanks. Any further questions? Thank you, Your Honors. Please affirm the district court. Starting with jurisdiction, the secretary is arguing to this court that Mr. Rudamechan's based on the complaint he filed in the claims court, echoing the reasoning of the district court. That is inconsistent with what the secretary said on page 24 of her red brief, that the court should determine jurisdiction based only on the complaint filed in DDC, which, again, is this court's strict pleading requirement. It looks to the four corners of the complaint before it. The secretary's argument is also inconsistent with Toutle and Smalls. In both of those cases, the plaintiff had filed other complaints in other federal courts where they explicitly requested money, and yet this court didn't look at those complaints and didn't compare the complaints in the other federal form to the complaint filed in DDC. It looked only at the four corners of the complaint filed in this district to determine whether that complaint triggered the Tucker Act. And to the extent that the court has any concerns about Mr. Rudamechan's proceedings, I would submit that this court has a well-trod path for handling those situations in which the first-in-time case proceeds and the subsequent case is stayed. And so what should have happened here is Mr. Rudamechan's first-in-time district court action should have gone forward while the claims court should have waited. On forfeiture, I think Judge Pan, you're exactly right. These arguments, because they're not jurisdictional and they weren't raised below and there are no exceptional circumstances to excuse the forfeiture, the court shouldn't reach those issues. Instead, the court should reverse and remand, and if the secretary wants to raise them, it can do so later in the proceeding, such as summary judgment. And so for those reasons, we'd ask the court to reverse and remand. Thank you. Thank you. Case is submitted.
judges: Rao; Pan; Ginsburg